■ In the Matter of GLORIA GOVER, Respondent, v GEORGE GOVER, Appellant.—In a child support proceeding, the father appeals from three orders of the Family Court, Kings County, as follows: (1) an order dated May 2, 1975, which, after a hearing, *inter alia,* granted petitioner's motion for an upward modification of weekly child support payments from $25 to $50; (2) an order dated August 4, 1975, which, after a hearing, *inter alia,* fixed arrears and (3) an order dated September 22, 1975, which, after a hearing, *inter alia,* granted petitioner's motion to punish him for contempt, directed him to post a $1,000 cash bond by a specified date or spend 10 days in the workhouse and fixed arrears. Order dated May 2, 1975 modified, on the law and the facts, by deleting therefrom the provision which granted petitioner's motion for an upward modification and said motion is denied. As so modified, order affirmed. Orders dated August 4, 1975 and September 22, 1975, respectively, modified, on the facts, by deducting from the amounts payable thereunder the amounts which are attributable to the increase in support payments awarded in the order dated May 2, 1975, and the proceeding is remitted to the Family Court, Kings County, for entry of an appropriate order in accordance herewith. As so modified, orders dated August 4, 1975 and September 22, 1975, respectively, affirmed. Appellant, if he has not already done so, shall post a cash bond in the amount of $1,000 within 10 days after service of a copy of the order to be made hereon, with notice of entry thereof, upon his attorney. Petitioner is awarded one bill of costs to cover all appeals. Under the facts of this case, petitioner did not establish a change in circumstances requiring the upward modification of weekly support payments she sought. As a result, her motion for an upward modification was improperly granted (in this regard, the arrearage computations should be reduced to the extent that they were improperly based upon the $50 figure). However, even though the upward modification was improper, appellant was obligated, nonetheless, to continue making the original $25 weekly payments, but he failed to do so and he did not adequately justify such failure. Consequently, appellant's failure to pay was properly found to be willful. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ In the Matter of WILLIAM HANLEY, Appellant, v ADELE LEONARD, as Executive Directrix of the Nassau County Civil Service Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reschedule a medical examination as to the petitioner's blood pressure, the appeal is from a judgment of the Supreme Court, Nassau County, dated July 28, 1975, which denied the relief requested and dismissed the petition. Judgment affirmed, without costs or disbursements. The determination of the respondent commission adhering to the disqualification of the petitioner was neither arbitrary nor capricious. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.