■ In the Matter of ROBERT M. CASSIDY, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to reschedule a physical examination of the petitioner, the appeal is from a judgment of the Supreme Court, Nassau County, entered February 15, 1977, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the respondent Civil Service Commission is directed to reschedule a physical examination of the petitioner. In the interest of justice, the petitioner-appellant should be afforded an opportunity to be re-examined to ascertain his correct blood pressure, in the light of the fact that he originally passed the medical examination given to him by the Nassau County Civil Service Commission. We distinguish *Matter of Hanley v Leonard* (52 AD2d 637) where the applicant had not previously taken and passed a physical examination, given by the commission, which included a testing of his blood pressure, as did the petitioner herein. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.

■ In the Matter of JOSEPH FARRELL, Appellant, v CHAIRMAN, NEW YORK STATE BOARD OF PAROLE, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to grant petitioner a new parole release hearing petitioner appeals from a judgment of the Supreme Court, Richmond County, dated January 3, 1977, which, after a hearing, denied the application. Appeal dismissed as academic, without costs or disbursements. The appeal has been rendered academic by reason of appellant's release on parole. In any event, we have examined the record and find no statutory violation. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.

■ In the Matter of ROBERT G., JR. JOHN J. CLEARY, as Acting Director of Protective Services, Respondent; MAUREEN G., Appellant.—In a neglect proceeding, the appeal is from an order of the Family Court, Nassau County, entered May 11, 1976, which, after a fact-finding hearing, *inter alia,* adjudged that the child is a neglected child. Order affirmed, without costs or disbursements. On this record we believe that a finding of neglect was proper and was based upon a preponderance of the evidence. We have examined appellant's remaining contentions and find them to be without merit. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.