■ ROBERT ROSENBLITT, Appellant, v EVE ROSENBLITT, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Modugno, J.H.O.), dated July 29, 1985, which, inter alia, held him in contempt of court, imposed a $5,000 fine, and denied his cross motion for recusal of the Judicial Hearing Officer.

Order modified, on the law, by reducing the fine from $5,000 to $250. As so modified, order affirmed insofar as appealed from, with costs to the defendant wife.

While a party seeking to hold an adversary in contempt pursuant to Domestic Relations Law § 245 must ordinarily exhaust his alternative remedies under that section, where, as here, the record demonstrates that the alternative remedies would be ineffectual, the party need not exhaust those remedies (Domestic Relations Law § 245; cf. Heitzman v Heitzman, 105 AD2d 682, 683-684). Therefore, the wife has satisfied the precondition for seeking the remedy of contempt (see, Domestic Relations Law § 245). The amount of the fine imposed should not have exceeded $250 plus costs and expenses (Judiciary Law § 773; see, State of New York v Unique Ideas, 44 NY2d 345, 349; see also, Wides v Wides, 96 AD2d 592). Thus, the imposition of a $5,000 fine, exclusive of costs and expenses, was improper, and should be reduced to $250. The husband was not deprived of due process by the absence of a hearing, inasmuch as the Judicial Hearing Officer had previously determined the husband's ability to pay temporary support, and the husband presented nothing persuasive to demonstrate any substantial change in his financial circumstances (see, Passonno v Passonno, 73 AD2d 718, 719).

The husband's remaining contentions are without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.