◼ Bonnie Skoy, Respondent, v Robert Skoy, Appellant.— In an action for divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated April 3, 1985, which, *inter alia,* granted the plaintiff wife's application to adjudge him in civil contempt, fined him $1,000 with leave to purge himself of the contempt within 20 days, and awarded the plaintiff wife $1,800 for counsel fees and $141 in disbursements.

Order modified, on the law, by reducing the fine to be imposed from $1,000 to $250. As so modified, order affirmed, with costs to the plaintiff. The defendant's time to pay the $1,800 in counsel fees and $141 in disbursements is extended until five days after service upon him of a copy of the order to be made hereon, with notice of entry.

By order of the Supreme Court, Nassau County, entered pursuant to a stipulation of settlement, the defendant was required to deed to the plaintiff "all [his] rights, title and interest to the marital residence". The deed proffered by the defendant was clearly contrary to the unequivocal provision in the court order, which was known to the defendant, and was calculated to prejudice the rights of the plaintiff. Accordingly, the defendant was properly adjudged to be in civil contempt *(see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583).

However, in a case where it is shown that there may be prejudice to the complainant's rights but it is not shown that an actual loss or injury has been caused, the fine to be imposed may not exceed $250 plus costs and expenses (Judiciary Law § 773; *see, State of New York v Unique Ideas,* 44

NY2d 345, 349; *Quantum Heating Servs. v Austern,* 121 AD2d 437; *see, also, Rosenblitt v Rosenblitt,* 121 AD2d 375). Thus, "the imposition of a [$1,000] fine, exclusive of costs and expenses, was improper, and should be reduced to $250" *(see, Rosenblitt v Rosenblitt, supra).* Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.