■ CORA COTTON, Respondent, v SAMUEL COTTON, JR., Appellant.—In an action for a divorce and ancillary relief, the

defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated November 4, 1987, as, *inter alia,* provided for the distribution of marital property.

Ordered that the judgment is modified, as an exercise of discretion in the interest of justice, by (1) deleting subparagraph (d) of the third decretal paragraph thereof, directing the liquidation of certificate number 000054 representing shares in a cooperative housing corporation, and (2) deleting the amount of $76,181.59 from the fifth decretal paragraph thereof and substituting therefor the amount of $94,181.50; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1954. At that time, the plaintiff wife was 23 and the marriage was her first. The defendant husband was 29 and this was his second marriage. The husband's two minor children from his first marriage lived with the parties from that time and the wife raised these children as her own. The parties also had one son together. The three children are now adults. During the marriage both parties maintained full-time employment. In addition the plaintiff had sole responsibility for childrearing and homemaking. The defendant contributed minimally to the family bills, but the evidence shows that it was the plaintiff's paychecks that paid for the family expenses. The defendant, meanwhile, invested in real estate and numerous shares of the Conwood Corporation, his employer. At the time of his retirement in 1982, the defendant had amassed over $300,000 worth of shares.

The defendant contends that the trial court erred when it awarded the plaintiff one half of all the marital assets. He claims that the marriage was not an economic partnership and, therefore, that all marital assets should be divided as if they were separate property. Such an argument ignores both the noneconomic and economic contributions made by the plaintiff during the marriage. To ignore the plaintiff's contributions as homemaker, mother and worker would contravene the spirit and legislative intent of Domestic Relations Law § 236 (B). The trial court's award of one half of the marital assets to the plaintiff was fair and equitable *(see, Gluck v Gluck,* 134 AD2d 237; *Neumark v Neumark,* 120 AD2d 502, *lv dismissed* 69 NY2d 899; *Bisca v Bisca,* 108 AD2d 773, *appeal dismissed* 66 NY2d 741).

We note, however, that liquidation of the defendant's cooperative shares, which were purchased in his own name with marital assets, would effectively leave him homeless. In the

interest of justice, therefore, we modify the trial court's determination by removing the cooperative shares from the list of marital assets to be liquidated. In lieu of the liquidation of the shares, we increase the plaintiff's share of the marital assets by $18,000, which represents one half the shares' stipulated market value.

The defendant's claim that an award of $8,500 in counsel fees to plaintiff was unjustified is without merit. We note that the plaintiff has incurred high attorney's fees and other expenses as a result of the defendant's obstructionist behavior in withdrawing approximately $162,000 in marital assets from a bank account and then laundering it in direct contravention of a temporary restraining order. Therefore, the court's award of a portion of attorney's fees and disbursements was not in error (see, Schussler v Schussler, 109 AD2d 875; Stern v Stern, 67 AD2d 253, motion for stay denied 47 NY2d 833).

We find the defendant's other claims of error to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.