■ KAREN E. WELLS, Respondent, v RODNEY L. WELLS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Hickman, J.), dated September 10, 1987, which, *inter alia,* after a nonjury trial, awarded the plaintiff wife title to the marital residence and directed the defendant to pay the plaintiff $180 per week in child support and $10,000 of the plaintiff's counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We find unpersuasive the defendant's contention that the court's equitable distribution of the marital property was not in accordance with Domestic Relations Law § 236 (B) (5). The court set forth all the factors it considered and the reason for its determination *(see, O'Brien v O'Brien,* 66 NY2d 576, *on remand* 120 AD2d 656) which was fully supported by the record. The plaintiff, who is custodial parent of 3 of the parties' 4 children, was properly awarded title to the marital residence as part of her equitable distribution award *(see,* Domestic Relations Law § 236 [B] [5] [d] [3]).

Furthermore, the award to the plaintiff of $10,000 of the $40,000 in counsel fees which she incurred was appropriate because at least that much of the fees was occasioned by the defendant's failure to comply with and his repeated attempts to modify a pendente lite support order *(see,* Domestic Relations Law § 237 [a]; *Rados v Rados,* 133 AD2d 536; *Davis v Davis,* 128 AD2d 470).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.