■ CHRISTINE D. NAGLE, Respondent, v ROBERT W. NAGLE, Appellant.—Order unanimously modified on the law and as modified affirmed with costs to petitioner, in accordance with the following memorandum: Respondent husband contends that Family Court erred in holding him in contempt of court for his willful failure to comply with a prior order of maintenance. The parties' 1984 divorce decree directed respondent to pay $100 per week maintenance, $100 per week child support, and health insurance for the infant issue of the marriage. Respondent fully complied with the child support and health insurance provisions of the decree for the four years before the present proceeding, but paid only approximately $7,000 of $22,000 in maintenance. Petitioner sought an order holding respondent in contempt of court for failure to make these maintenance payments, together with other relief. Respondent admitted during the proceeding that he was in arrears in maintenance payments in the sum of $15,570. At the conclusion of the contempt hearing, the court held respondent in contempt of court for the his willful failure to make these maintenance payments and directed that he be incarcerated for a period of 90 days. The court provided, however, that respondent could purge himself of contempt by assigning his 1983 vehicle and accounts receivable as of August 23, 1988 in the amount of $15,000 to petitioner. The court further granted petitioner a judgment in the sum of $14,476.

We conclude that, given the circumstances of this case, it was an improvident exercise of discretion for the court to hold respondent in contempt without first attempting other means to enforce the arrearage *(see, e.g., Covello v Covello,* 68 AD2d 818; *Matter of Farmer v Farmer,* 123 Misc 2d 298). Respondent's contempt citation and the decretal paragraphs regarding the assignment of respondent's accounts receivable and his car are vacated. As a condition to obtaining a stay pending

appeal, respondent has been directed to place in escrow any moneys received on his accounts receivable. In order to provide petitioner an opportunity to enforce her judgment against those funds, we direct that the funds collected on those accounts remain in escrow for a period of 30 days from the date of the order of this court. (Appeal from order of Cayuga County Family Court, Corning, J.—contempt of court.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.