■ JOAN H. RICHTER, Respondent, v STEVEN J. RICHTER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) an order of the Supreme Court, Nassau County (Burstein, J.), dated October 14, 1987, which, *inter alia,* granted the plaintiff wife's motion to hold the defendant in contempt for his failure to comply with a prior pendente lite order of support, and which further denied the defendant's cross motion for a downward modification of the same order of support, (2) an order of the same court dated December 11, 1987, which, after a hearing, fixed the amount of the arrears payable to the plaintiff at $23,000, directed the incarceration of the defendant for 15 days as a result of the prior contempt order, provided that the jail sentence would be suspended upon the defendant's payment of the $23,000 by December 14, 1987, and granted the plaintiff an award of counsel fees in an amount to be determined upon submission of affidavits, (3) an order of the same court, entered February 5, 1988, which fixed the award of counsel fees at $10,500, and (4) an order of the same court, entered February 5, 1988 which directed the payment of an additional $4,500 in counsel fees.

Ordered that the orders are affirmed, with one bill of costs.

The issues raised on the instant appeals arose out of the defendant's consistent failure to timely remit pendente lite support payments to the plaintiff prior to the trial of their divorce action. By order dated October 16, 1986, the defendant

was ordered to pay monthly maintenance of $3,000 and monthly child support of $2,500. The order was affirmed in pertinent part by this court *(Richter v Richter,* 131 AD2d 453). Notwithstanding the pendente lite order, the defendant has repeatedly failed to discharge his support obligations, necessitating the commencement of three separate contempt proceedings *(see,* Domestic Relations Law § 245).

The plaintiff, seeking to recover arrears of $23,000, moved by order to show cause to hold the defendant in contempt for nonpayment of support. The order to show cause was signed by Justice Eli Wager on July 10, 1987. It ordered the defendant to comply with the support provisions of the pendente lite order of October 16, 1986, but, in essence, held any determination of the defendant's contempt in abeyance pending a hearing. Thereafter, on October 14, 1987, Justice Beatrice Burstein, to whom this case had been assigned and before whom the prior contempt applications had been made, found the defendant to be in contempt and ordered a hearing to determine "the extent to which the defendant shall be punished for this contempt and how he may purge himself". The defendant now argues, *inter alia,* that Justice Burstein violated the doctrine of law of the case by holding him to be in contempt without holding the hearing ordered by Justice Wager.

The defendant contends that the Supreme Court could not overrule a determination of a Justice of coordinate jurisdiction in the same case *(see, George W. Collins, Inc. v Olsker-McLain Indus.,* 22 AD2d 485). However, the doctrine of the law of the case does not apply to an ex parte order *(see, People v Guerra,* 65 NY2d 60; *Levy v Paramount Publix Corp.,* 149 Misc 129, *affd* 241 App Div 711, *affd* 265 NY 629), such as an order to show cause *(see,* Siegel, NY Prac § 248) which was the case here. Moreover, even assuming, arguendo, that Justice Wager's order directing that a contempt hearing be held did constitute the law of the case, "the Appellate Division, which itself is not bound by prior unappealed orders made in the Supreme Court will, in the interest of achieving substantial justice, affirm an order which is substantively correct * * * even though by doing so the effect of a prior unappealed order is possibly undermined" *(Post v Post,* 141 AD2d 518, 519). Such an approach is warranted in the instant case.

Having presided over the plaintiff's prior contempt applications, Justice Burstein was acutely aware of the parties' respective financial circumstances, including the defendant's past refusals to pay support to his wife and children. In

support of his cross motion the defendant presented nothing persuasive to demonstrate his entitlement to a downward modification of his support obligations *(see, Rosenblitt v Rosenblitt,* 121 AD2d 375). Accordingly, substantial justice was achieved by Justice Burstein in holding the defendant in contempt for his nonpayment of support, which order succeeded in compelling the payment of arrears.

Moreover, in light of the court's familiarity with the defendant's past delinquencies, we are satisfied that alternate means of compelling these support payments would have proven ineffectual *(see,* Domestic Relations Law § 245; *Edwards v Edwards,* 122 AD2d 18). Similarly, the defendant's conduct, which necessitated the plaintiff's prosecution of three separate contempt proceedings, justified the awards of attorney's fees to the plaintiff *(see,* Domestic Relations Law § 237 [c]; *see also, Wells v Wells,* 151 AD2d 474; *Cotton v Cotton,* 147 AD2d 436; *Rados v Rados,* 133 AD2d 536).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.