■ JOHN J. RUGGERIO, Appellant, v ROSEMARIE P. RUGGERIO, Respondent.—In a matrimonial action, in which the parties were divorced by judgment dated September 14, 1988, the plaintiff husband appeals (1) as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), entered July 12, 1989, as denied, "without prejudice", that branch of his motion which was for downward modification of the child support provisions of the judgment of divorce, (2) as limited by his brief, from so much of an order and judgment (one paper), of the same court, entered October 25, 1989, as, after a hearing, denied that branch of his renewed cross motion which was for downward modification of the child support provisions of the judgment of divorce, and (3) from an order of the same court, entered December 19, 1989, which, after a hearing, granted the defendant's application to punish him for civil contempt for failure to pay child support.

Ordered that the appeal from so much of the order and

judgment entered July 12, 1989, as denied, without prejudice, the branch of the plaintiff's motion which was for downward modification of child support is dismissed as academic; and it is further,

Ordered that the order and judgment entered October 25, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 19, 1989, is affirmed, and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were divorced by judgment dated September 14, 1988. The judgment of divorce incorporates the terms of a stipulation of settlement, which survives and does not merge into the divorce judgment. The stipulation requires, *inter alia,* that the husband, an insurance salesman earning no less than $53,000 per year, pay to the wife, who waived maintenance, $500 per week for the support of their two children, then both under the age of 10. By November 1988 disputes had arisen between the parties regarding the terms of the divorce judgment. Among the parties' ensuing applications to the court was one by the husband for downward modification of the child support provisions of the judgment of divorce and another by the wife for an order holding the husband in civil contempt for his failure to pay child support.

Although the issue of downward modification of child support was originally set down for a hearing, the court thereafter denied the husband's application, without taking evidence, on the ground that the husband failed to submit an affidavit of net worth as required by 22 NYCRR 202.16. The court also, in effect, denied the wife's contempt application "to give the husband the opportunity to correct the deficiency in child support".

The first of several appeals by the husband is from so much of the order and judgment entered July 10, 1989, as denied the application, his first, for downward modification of child support. The husband does not challenge on appeal that portion of the same order and judgment which awards the wife child support arrears in the principal amount of $17,000, some of which were fixed on a previous enforcement motion. The husband's second appeal is from so much of an order and judgment, entered October 25, 1989, issued after an evidentiary hearing, as denied the husband's second application for downward modification, which application was made with leave of the court when the first application was denied for improper form. As with the first appeal, the husband does not

challenge that portion of the order and judgment entered October 25, 1989, as awards the wife $6,500 in additional child support arrears which accrued after the issuance of earlier enforcement orders. The husband's third appeal is from an order granting the wife's motion to hold the husband in civil contempt because of his failure to abide by the numerous court orders directing payment of child support.

The husband's appeal from so much of the order and judgment entered July 12, 1989, as denied his first application for downward modification of child support has been rendered moot by the subsequent order and judgment issued, on the merits, on the husband's second application for the same relief *(cf., Matter of Harris v Coughlin,* 143 AD2d 1018). With respect to the denial of the second application for downward modification, we conclude that the Supreme Court properly declined to disturb the child support provisions incorporated in the judgment of divorce which are based upon the stipulation agreed to by the husband only months before he ceased payment and made his first application for downward modification. We note that the husband makes no claim that the stipulation of settlement underlying the child support provisions of the judgment of divorce was not fair and equitable when made *(see, Merl v Merl,* 67 NY2d 359, 362; *see also, Matter of Boden v Boden,* 42 NY2d 210, 213). We also find that the husband failed to meet his burden of demonstrating that an unanticipated and unreasonable change in circumstances justified his request for downward modification *(see, Matter of Boden v Boden, supra; Praeger v Praeger,* 162 AD2d 671), which, because it concerned child support, should have been premised on a change which is "substantial" *(see, Praeger v Praeger, supra; see also, Nordhauser v Nordhauser,* 130 AD2d 561, 562). Indeed, although the husband's income apparently decreased slightly after he and the wife separated, his W-2 Statement for the year during which his modification application was first made, but for which no tax returns had been filed as of the time of the hearing, indicated a gross income which was higher than that of the two previous years.

We also conclude that the Supreme Court properly adjudged the husband to be in civil contempt for failure to comply with the child support directives set forth in the judgment of divorce and in the subsequent enforcement orders. Having presided over each of the various postjudgment motions, including those for contempt, the Supreme Court was acutely aware of the parties' respective financial circumstances, and of the husband's past refusals to pay child support *(see, Richter v*

*Richter,* 156 AD2d 653; *Rosenblitt v Rosenblitt,* 121 AD2d 375). The record supports the determination that the husband's failure to abide by the child support directives was willful *(see, Gover v Gover,* 52 AD2d 637, *as amended* 52 AD2d 650). In addition, in light of the Supreme Court's familiarity with the circumstance of the case, gained in part as a result of the wife's prior enforcement applications, we are satisfied that alternate means of compelling child support payments would prove ineffectual *(see,* Domestic Relations Law § 245; *Richter v Richter, supra; Rosenblitt v Rosenblitt, supra; Edwards v Edwards,* 122 AD2d 18).

We have considered the husband's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.