■ SUSAN KAMINSKI, Respondent, v ROBERT KAMINSKI, Appellant. [623 NYS2d 671] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not err in finding defendant in civil contempt of court based upon his failure to meet his child support obligations *(see,* Domestic Relations Law § 245; Judiciary Law § 756). The record supports the determination that defendant's nonpayment was willful *(see, Demchuk v Demchuk,* 181 AD2d 756) and that "plaintiff's resort to the enforcement devices listed in Domestic Relations Law § 245 would have been futile" *(Bernstein v Bernstein,* 190 AD2d 626, 627; *see, Ruggerio v Ruggerio,* 173 AD2d 595, 598).

The court erred, however, in failing to afford defendant an opportunity to purge himself of contempt. Judiciary Law § 774

(1) provides that, "[w]here the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed * * * [and i]n such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid". Here, the term of imprisonment should have been "conditioned upon the defendant's failure to pay all arrears within a specified time" *(Stempler v Stempler,* 200 AD2d 733, 735). We, therefore, remit the matter to Supreme Court to specify the "act or duty to be performed, and the sum to be paid" (Judiciary Law § 774 [1]).

Defendant's remaining contention is without merit. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Contempt.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.