■ Naomi Turk, Respondent, v Michael H. Turk, Appellant. [640 NYS2d 802] —In a matrimonial action in which the parties were divorced by a judgment dated August 31, 1993, the defendant former husband appeals (1), as limited by his brief, from so much of (A) an order of the Supreme Court, Nassau County (Kohn, J.), entered September 14, 1994, as (i) granted the motion of the plaintiff former wife to hold him in contempt of court for failing to transfer $48,400 to the Individual Retirement Account of the plaintiff, pay her maintenance arrears in the sum of $21,600, pay $12,000 for her counsel fees, and remove liens and judgments, with the exception of the first mortgage, on the former marital residence and (ii) denied his cross motion for a downward modification of his maintenance obligation, and (B) an order of the same court dated

December 12, 1994, as denied his cross motion for a downward modification of his maintenance obligation, (2) from an order of the same court dated January 11, 1995, as, upon the motion of the plaintiff, found him guilty of contempt and ordered his incarceration until such time as he transferred $48,400 to the Individual Retirement Account of the plaintiff, paid her maintenance arrears in the sum of $21,600, paid her counsel the sum of $12,000, and removed $86,102.94 in liens and judgments from the former marital residence, and (3) from so much of an order of the same court, dated February 22, 1995, as denied his motion pursuant to Domestic Relations Law § 246 to relieve him of the obligation to make payments to the plaintiff pursuant to the order dated January 11, 1995.

Ordered that the order entered September 14, 1994, and the orders dated December 12, 1994, and February 22, 1995, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 11, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly determined that the defendant's admitted default with respect to the financial obligations he agreed to pursuant to a stipulation agreement which was incorporated into the judgment of divorce was willful (*see,* Domestic Relations Law § 245; *Stempler v Stempler,* 200 AD2d 733; *Demchuk v Demchuk,* 181 AD2d 756; *Rogers v Rogers,* 94 AD2d 764), and that less drastic measures to enforce the agreement than holding the defendant in contempt would be ineffectual (*see,* Domestic Relations Law § 245; *Snow v Snow,* 209 AD2d 399; *Farkas v Farkas,* 209 AD2d 316; *Demchuk v Demchuk, supra; Bell v Bell,* 181 AD2d 978; *Richter v Richter,* 156 AD2d 653). In addition, the court correctly denied the defendant's cross motion for a downward modification of his support obligations inasmuch as he failed to demonstrate that the continued enforcement of his support obligations would create an extreme hardship for him (*see,* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Zinkiewicz v Zinkiewicz,* 222 AD2d 684; *Didley v Didley,* 194 AD2d 7, 10; *Katz v Katz,* 188 AD2d 827).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.