██ MARYANN JONES, Respondent, v MELVIN W. JONES, SR., Appellant. [885 NYS2d 323]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 3, 2008, as granted those branches of the plaintiff's motion which were for pendente lite relief, and (2) from an order of commitment of the same court dated August 11, 2008, which, after a hearing, and upon, in effect, the granting of that branch of the plaintiff's motion which was to adjudicate him in willful violation of prior pendente lite orders of support, confirmed the finding of willful violation and committed him to the custody of the Suffolk County Correctional Facility for a term of 180 days, unless he purged himself of his contempt by paying the sum of $15,854 to be applied as directed by the court. By decision and order on motion dated August 22, 2008 [2008 NY Slip Op 80955(U)], this Court granted that branch of the defendant's motion which was to stay enforcement of the order of commitment pending hearing and determination of the appeals.

Ordered that the order dated April 3, 2008 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of commitment is reversed, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was to adjudicate the defendant in willful violation of the pendente lite orders is denied.

Pursuant to Domestic Relations Law § 245, a spouse may be punished for contempt for failing to make payments pursuant to a pendente lite order, but it must appear "presumptively, to the satisfaction of the court," that payment cannot be enforced pursuant to Domestic Relations Law § 243 (sequestration), Domestic Relations Law § 244 (money judgment), CPLR 5241 (income execution) or CPLR 5242 (income deduction) (see Klepp v Klepp, 35 AD3d 386 [2006]; Higbee v Higbee, 260 AD2d 603 [1999]). Despite the availability of other enforcement methods, a defaulting spouse may be punished for contempt where "the record demonstrates that the alternative remedies would be

ineffectual" (*Rosenblitt v Rosenblitt,* 121 AD2d 375 [1986]). Here, the plaintiff failed to show that other enforcement methods would not be effective to secure payment of the arrears. Since there was no showing made by the plaintiff that she had attempted to sequester the defendant's property or garnish his wages, the Supreme Court erred in punishing the defendant for contempt (*see Nagle v Nagle,* 155 AD2d 990 [1989]).

With respect to the order dated April 3, 2008, the court ordered payments described therein were not so prohibitive as to prevent the defendant from meeting his own financial obligations (*see York v York,* 276 AD2d 481 [2000]). Mastro, J.P., Covello, Balkin and Austin, JJ., concur.