Joseph C. Scopelliti, Appellant, v Maria C. Scopelliti, Respondent. (Action No. 1.) Maria C. Scopelliti, Respondent, v Robert L. Scopelliti et al., Defendants, and Joseph C. Scopelliti, Appellant. (Action No. 2.) [885 NYS2d 512]—

In two related actions, inter alia, for a divorce and ancillary relief (action No. 1) and to set aside a conveyance of real property as fraudulent (action No. 2), which were joined for trial, Joseph C. Scopelliti, the plaintiff in action No. 1 and a defendant in action No. 2, appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated October 19, 2007, as, after a hearing, granted those branches of the motion of Maria C. Scopelliti, the defendant in action No. 1 and the plaintiff in action No. 2, which were to hold him in contempt of court for failing to pay, among other things, a mortgage loan on the marital residence and a home equity loan on the marital residence and for an award of an attorney's fee, and, in effect, directed his incarceration in the event he failed to purge himself of his contempt by paying Maria C. Scopelliti the sum of $2,000 as an attorney's fee, the sum of $250 as a fine, the sum of $4,080.37, representing arrears in

mortgage loan payments, and the sum of $2,198.13, representing arrears in home equity loan payments.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, directing Joseph C. Scopelliti to pay Maria C. Scopelliti the sum of $4,080.37, representing arrears in mortgage loan payments, and the sum of $2,198.13, representing arrears in home equity loan payments; as so modified, the order is affirmed insofar as appealed from, with costs payable by Joseph C. Scopelliti to Maria C. Scopelliti; and it is further,

Ordered that within 30 days after service upon Maria C. Scopelliti of a copy of this decision and order, Maria C. Scopelliti is directed to pay to her attorney the sum of $6,278.50 for placement in her attorney's escrow account.

The evidence adduced at the hearing supports the Supreme Court's finding that the failure of Joseph C. Scopelliti (hereinafter the husband) to make payments on a mortgage loan on the marital residence and a home equity loan on the marital residence, in violation of certain prior orders, "resulted from willfulness rather than inability to pay" (*Edwards v Edwards,* 122 AD2d 18, 18 [1986]; *see Melish v Melish,* 34 AD3d 436 [2006]; *Barinka v Barinka,* 301 AD2d 487 [2003]; *Craft v Craft,* 282 AD2d 422, 423 [2001]; *Higbee v Higbee,* 260 AD2d 603 [1999]; *Turk v Turk,* 226 AD2d 448, 449 [1996]). Moreover, contrary to the husband's contention, the record demonstrates that any attempt to enforce the prior orders through means other than civil contempt, e.g., sequestration (*see* Domestic Relations Law § 243) or an income deduction order (*see* CPLR 5242), would have been futile (*see Melish v Melish,* 34 AD3d at 436; *Turk v Turk,* 226 AD2d at 449; *Kaminski v Kaminski,* 212 AD2d 1045 [1995]; *Demchuk v Demchuk,* 181 AD2d 756, 757 [1992]; *Edwards v Edwards,* 122 AD2d at 19; *Rosenblitt v Rosenblitt,* 121 AD2d 375 [1986]; *see also Ruggerio v Ruggerio,* 173 AD2d 595, 598 [1991]; *Richter v Richter,* 156 AD2d 653, 655 [1989]). Accordingly, the Supreme Court properly granted that branch of the motion of Maria C. Scopelliti (hereinafter the wife) which was to hold the husband in contempt of court.

The evidence at the hearing also showed that $4,080.37 was overdue on the mortgage loan and that $2,198.13 was overdue on the home equity loan. The Supreme Court directed the wife to immediately pay those outstanding amounts out of certain funds being held by her attorney in escrow. In this regard, pursuant to a stipulation of the parties, certain vehicles the parties possessed were sold, and after the proceeds of the sales were used to reinstate the home equity loan, which had been in default, the remainder of the proceeds were held by the wife's attorney in escrow.

The Supreme Court also directed that the husband would be purged of his contempt if, by a particular date, he "directly" paid the wife the sum of $8,528.50. That amount represented an award of an attorney's fee of $2,000, a fine of $250, the $4,080.37 that was overdue on the mortgage loan, and the $2,198.13 that was overdue on the home equity loan. Although the Supreme Court properly directed that the husband pay the wife the award of an attorney's fee and the fine, because the issue of equitable distribution had not yet been decided, the Supreme Court should have required the husband to pay the $4,080.37 and the $2,198.13, i.e., the sum of $6,278.50, back into the escrow account. However, the parties acknowledge that during the pendency of the appeal, the husband has, in accordance with the terms of the order appealed from, paid the wife the total sum of $8,528.50. Therefore, the wife, who is entitled to retain the sum of $2,250, representing the award of an attorney's fee and the fine, is directed, within 30 days after service upon her of a copy of this decision and order, to pay her attorney the sum of $6,278.50 for placement in the attorney's escrow account.

The husband's remaining contentions are without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.