■ DOREEN MOORE, Respondent, v HAROLD MOORE, Also Known as HAROLD J. MOORE, JR., Appellant. [940 NYS2d 875]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Falanga, J.), entered December 14, 2010, which, upon an order of the same court dated October 7, 2009, inter alia, in effect, vacating the child support provisions of an oral stipulation of settlement entered into in open court on August 13, 2007, and upon a decision dated September 30, 2010, made after a nonjury trial, among other things, (1) awarded the plaintiff sole custody of the parties' child, (2) adjudicated the defendant in contempt for failing to pay child support arrears, (3) directed that in the event

the defendant failed to purge himself of his contempt by paying the sum of $34,990 within 30 days after personal service of a copy of the judgment of divorce upon him, "upon proof by affidavit, submitted on notice, that he has failed to purge his contempt," a warrant would issue directing his commitment to the Nassau County Correctional Facility for a period of 60 days, and (4) awarded the plaintiff the sum of $75,000 in counsel fees. By decision and order on motion of this Court dated January 20, 2011, enforcement of so much of the judgment entered December 14, 2010, as conditionally committed the appellant to the Nassau County Correctional Facility for a period of 60 days unless he purged himself of his contempt was stayed pending the hearing and determination of this appeal.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The determination of the trial court that the parties' custody arrangement, originally set forth in a so-ordered stipulation dated June 23, 2006, should be modified from joint legal custody to award the plaintiff sole custody of the parties' child was proper under the circumstances of this case (see e.g. Bliss v Ach, 56 NY2d 995, 998 [1982]; Matter of Manfredo v Manfredo, 53 AD3d 498, 500 [2008]). Under the circumstances of this case, the trial court was not required to appoint an attorney for the child before making that determination (see e.g. Richard D. v Wendy P., 47 NY2d 943, 944-945 [1979]; Jean v Jean, 59 AD3d 599, 600 [2009]; Blauvelt v Blauvelt, 219 AD2d 694 [1995]).

Pursuant to Domestic Relations Law § 245, where a spouse fails to make payments of money pursuant to an order or judgment entered in a matrimonial action, the aggrieved spouse may apply to the court to punish the defaulting spouse for contempt, but only if "it appears presumptively, to the satisfaction of the court," that payment cannot be enforced by other means such as enforcement of a money judgment or an income execution order (id.; see Jones v Jones, 65 AD3d 1016, 1016 [2009]). In order to punish the defaulting spouse for contempt, the aggrieved spouse is not required to exhaust all alternative remedies; proof that alternative remedies would be ineffectual is sufficient (see Rosenblitt v Rosenblitt, 121 AD2d 375, 375 [1986]). Here, the plaintiff satisfied that burden (see Bennett v Bennett, 301 AD2d 806, 807 [2003]). Accordingly, resort to the remedy of contempt was proper.

The Supreme Court's award of counsel fees to the plaintiff was a provident exercise of discretion, in view of the fact that the defendant engaged in unnecessary litigation (see Fredericks v Fredericks, 85 AD3d 1107, 1108 [2011]; Prichep v Prichep, 52 AD3d 61, 64 [2008]).

The defendant's remaining contentions are either without merit or not properly before us. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.