■ JOHN LONGMAN, Appellant, v KATHLEEN LONGMAN, Respondent. [972 NYS2d 911]—

In a matrimonial action in which the parties were divorced by judgment entered March 8, 2011, the plaintiff appeals from (1) a decision of the Supreme Court, Suffolk County (MacKenzie, J.), dated August 20, 2012, and (2) an order of commitment of the same court, also dated August 20, 2012, which upon an order of the same court dated July 28, 2011, inter alia, after a hearing, finding him in willful contempt of court for failure to pay maintenance and child support arrears, committed him to the custody of the Suffolk County Correctional Facility for a term of 60 days unless he purged himself of his contempt by paying the sum of $100,000. By decision and order on motion dated September 17, 2012, this Court stayed enforcement of the order of commitment pending hearing and determination of this appeal.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of commitment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Pursuant to Domestic Relations Law § 245, where a spouse

fails to make payments of money pursuant to an order or judgment entered in a matrimonial action, the aggrieved spouse may apply to the court to punish the defaulting spouse for contempt, but only if "it appears presumptively, to the satisfaction of the court," that payment cannot be enforced by other means such as enforcement of a money judgment or an income execution order (Domestic Relations Law § 245; *see Moore v Moore*, 93 AD3d 827, 828 [2012]; *Jones v Jones*, 65 AD3d 1016, 1016 [2009]). In order to punish the defaulting spouse for contempt, the aggrieved spouse is not required to exhaust all alternative remedies; proof that alternative remedies would be ineffectual is sufficient (*see Moore v Moore*, 93 AD3d at 828; *Rosenblitt v Rosenblitt*, 121 AD2d 375, 375 [1986]). Here, the defendant satisfied that burden (*see Moore v Moore*, 93 AD3d at 828; *Bennett v Bennett*, 301 AD2d 806, 807 [2003]). Accordingly, resort to the remedy of contempt was proper. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.