■ Ronald Keller, Respondent, v June Keller, Appellant. [6 NYS3d 126]—

In a matrimonial action in which the parties were divorced

by judgment entered April 4, 2008, the defendant appeals from an order of the Supreme Court, Suffolk County (Behar, J.), dated January 15, 2014, which denied her motion to hold the plaintiff in contempt for failure to pay child support and related expenses pursuant to that judgment, and pursuant to a money judgment of the same court entered August 4, 2009, and six orders of the Family Court, Suffolk County.

Ordered that the order dated January 15, 2014, is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, to adjudicate the plaintiff in contempt of the judgment of divorce, the money judgment, and the orders, and for the imposition of an appropriate penalty thereon.

"Pursuant to Domestic Relations Law § 245, a spouse may be punished for contempt for failing to make payments pursuant to [a judgment of divorce], but it must appear 'presumptively, to the satisfaction of the court,' that payment cannot be enforced pursuant to Domestic Relations Law § 243 (sequestration), Domestic Relations Law § 244 (money judgment), CPLR 5241 (income execution) or CPLR 5242 (income deduction)" (*Jones v Jones*, 65 AD3d 1016, 1016 [2009]; *see Klepp v Klepp*, 35 AD3d 386 [2006]; *Higbee v Higbee*, 260 AD2d 603 [1999]). Thus, contempt may be warranted where the record demonstrates "that resort to other, less drastic enforcement mechanisms [has] been exhausted or would be ineffectual" (*Capurso v Capurso*, 61 AD3d 913, 914 [2009]; *see Jones v Jones*, 65 AD3d at 1016; *Rosenblitt v Rosenblitt*, 121 AD2d 375 [1986]).

Here, the plaintiff repeatedly failed to pay child support as directed in the parties' judgment of divorce, or to abide by the court orders and money judgments subsequently entered against him on account of child support arrears and related expenses. The record further shows that the defendant either exhausted all enforcement remedies other than contempt, or that such further attempts "would have been futile" (*Scopelliti v Scopelliti*, 65 AD3d 1120, 1121 [2009]; *see Melish v Melish*, 34 AD3d 436 [2006]; *Turk v Turk*, 226 AD2d 448, 449 [1996]; *Kaminski v Kaminski*, 212 AD2d 1045 [1995]; *Demchuk v Demchuk*, 181 AD2d 756, 757 [1992]; *see also Ruggerio v Ruggerio*, 173 AD2d 595, 598 [1991]; *Richter v Richter*, 156 AD2d 653, 655 [1989]).

"To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced" (*Incorporated Vil. of*

*Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2008]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226-227 [1994]; *Alderman v Alderman*, 78 AD3d 620 [2010]; *Astrada v Archer*, 71 AD3d 803, 806 [2010]). Here, the plaintiff was aware of his child support obligation, as well as the clear and unequivocal mandates contained in the orders and judgments issued against him during the course of the defendant's attempts to secure payment of those child support obligations, that he violated those orders, and that his conduct defeated, impaired, impeded, or prejudiced the defendant's rights and remedies.

Additionally, "although there is no presumption of ability to pay in a contempt proceeding, the [plaintiff] had the burden of going forward with evidence of his inability to make the required payments" (*Kawar v Kawar*, 231 AD2d 681, 682 [1996] [citation omitted]; *see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). In light of the plaintiff's default in opposing the contempt motion where, as here, the motion papers were properly served upon him, "the issue of ability to pay was not before the court" (*Kawar v Kawar*, 231 AD2d at 682; *see Jaffe v Jaffe*, 44 AD3d 825 [2007]).

Accordingly, upon his default, the plaintiff should have been held in contempt of the judgment of divorce, the money judgment, and the several orders directing him to pay arrears in child support and related expenses (*see Jaffe v Jaffe*, 44 AD3d 825 [2007]; *Green v Green*, 288 AD2d 436 [2001]; *Brancoveanu v Brancoveanu*, 156 AD2d 409 [1989]). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.