■ In the Matter of KATARZYNA SACHARCZUK, Respondent, v BRENDON HOLDER, Appellant. [796 NYS2d 246]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered April 30, 2004, which found that he willfully failed to obey an earlier order of the same court dated November 27, 2002, and thereupon committed him to a term of incarceration of 180 days, with credit for time served from February 25, 2004, unless he purged himself of his contempt by paying the sum of $9,764, the full amount of his arrears.

Ordered that the appeal from so much of the order as com-

mitted the father to a term of incarceration is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The proof before the Family Court concerning the father's failure to pay court-ordered child support constituted prima facie evidence of his willful violation of a court order (*see* Family Ct Act § 454 [3] [a]; *Matter of Fallon v Fallon*, 286 AD2d 389 [2001]; *York v York*, 250 AD2d 838 [1998]). The burden then shifted to the father "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). The Family Court properly rejected the father's claims in this regard. Although there were outstanding issues regarding the father's immigration status, he failed to show that they rendered him financially unable to meet his obligations (*see Matter of Johnson v Johnson*, 1 AD3d 599 [2003]; *Matter of Porcelain v Porcelain*, 143 AD2d 834 [1988]).

The father's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.