JAMES FOSINA, Respondent, v CHRISTINE FOSINA, Appellant. [9 NYS3d 373]—

In a matrimonial action in which the parties were divorced by judgment entered December 29, 2006, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated January 17, 2013, as, after a hearing, granted that branch of the plaintiff's motion which was, in effect, to enforce a certain provision of the parties' stipulation of settlement dated December 28, 2006, so as to terminate the plaintiff's obligation to pay maintenance to her retroactive to September 15, 2011, and (2) so much of an order of the same court dated June 10, 2013, as granted the plaintiff's motion for leave to reargue that branch of his prior motion which was, in effect, to set February 1, 2011, as the retroactive termination date of his obligation to pay maintenance to her, and thereupon modified the order dated January 17, 2013, so as to set February 1, 2011, as the termination date of that obligation.

Ordered that the order dated January 17, 2013, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 10, 2013, is modified, on the law, by deleting the provision thereof, upon reargument, setting February 1, 2011, as the termination date of the plaintiff's obligation to pay maintenance, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated January 17, 2013, setting Septem-

ber 15, 2011, as the termination date; as so modified, the order dated June 10, 2013, is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced pursuant to a judgment dated December 29, 2006. The parties executed a stipulation of settlement dated December 28, 2006, that was incorporated but not merged in the judgment of divorce. The judgment of divorce further provided that the Supreme Court "retains jurisdiction of the matter, together with the Family Court, for the purpose of specifically enforcing such of the provisions of that Agreement and Stipulation as are capable of specific enforcement, or, to the extent permitted by law, of making further decrees with respect to support and maintenance, as it finds appropriate under the circumstances existing at the time of application for that purpose is made."

In relevant part, the stipulation provided that, in the event that the defendant "co-habits" with an unrelated male for a period in excess of six months, the plaintiff's spousal maintenance obligation "shall terminate." However, the term "co-habit" was not defined in the stipulation.

The plaintiff ceased paying maintenance in April 2011. After the defendant petitioned the Family Court to compel the plaintiff to continue paying maintenance, the plaintiff moved in the Supreme Court, by order to show cause dated September 15, 2011, to enforce the stipulation so as to terminate his maintenance obligation retroactive to February 1, 2011.

After a hearing held in connection with the motion, the Supreme Court correctly concluded that the term "co-habits," as used in the stipulation, was ambiguous and, therefore, extrinsic evidence was admissible to determine its meaning (see *Graev v Graev*, 11 NY3d 262, 274 [2008]). Based upon the evidence presented by the plaintiff at the hearing, including extrinsic evidence of intent, the Supreme Court properly found that both parties "understood that the subject termination clause would apply upon proof of defendant living together with an unrelated male in a romantic relationship for a period of six months." Contrary to the defendant's contention, the Supreme Court also properly found that the defendant had indeed engaged in such conduct, thus triggering the termination of the plaintiff's maintenance obligation on February 1, 2011, which was six months after the cohabitation began. Based upon its findings, in an order dated January 17, 2013, the Supreme Court terminated the plaintiff's maintenance obligation retroactive to September 15, 2011, the date that the plaintiff moved, inter alia, in effect, to enforce the stipulation

and terminate his maintenance obligation. Upon reargument, the court modified its original determination and set February 1, 2011, as the effective date on which the plaintiff's maintenance obligation had terminated.

Under the particular circumstances of this case, upon reargument, the Supreme Court should have adhered to its original determination in the order dated January 17, 2013, setting September 15, 2011, as the termination date of the plaintiff's obligation to pay maintenance. The record establishes that, although judicial intervention was required to determine the meaning of the ambiguous term "co-habits" in the parties' agreement and whether cohabitation in fact occurred, the plaintiff unilaterally stopped payments based solely on his understanding that the defendant was engaging in cohabitation. Moreover, the plaintiff did not move to enforce the stipulation until after the defendant had petitioned the Family Court to compel his continued payment of maintenance. The record indicates that the parties' children made the plaintiff aware of the defendant's arrangement with her companion, and there was no good cause for his delay in applying for the termination of his maintenance obligation. Under these circumstances, the plaintiff cannot be relieved of arrears that accrued prior to his application to enforce the stipulation (*see generally Matter of Dox v Tynon*, 90 NY2d 166, 170 [1997]; *Switzer v Switzer*, 114 AD2d 499 [1985]; *Malta v Malta*, 87 AD2d 988 [1982]; Domestic Relations Law §§ 236 [B] [9] [b] [1]; 244).

Contrary to the defendant's contentions, the Supreme Court did not improvidently grant that branch of the plaintiff's motion which was for leave to reargue (*see Taylor v Taylor*, 107 AD3d 785 [2013]), and the plaintiff's reargument motion was timely made (*see* CPLR 2221 [d] [3]). We reject the defendant's argument that CPLR 4404 (b), including the time limit set forth therein, governed the plaintiff's request for reconsideration of the order dated January 17, 2013. Although CPLR 4404 (b) authorizes a motion to set aside a decision or judgment made after a nonjury trial in an action not triable as of right by a jury, and limits the time within which to make such a motion, that provision does not apply to a decision or order made after a hearing conducted in aid of determining a motion. Nonetheless, upon reargument, the Supreme Court should have adhered to its prior determination that the plaintiff's obligation to pay maintenance terminated on September 15, 2011, the date on which the plaintiff moved to terminate his maintenance obligation.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.