Matter of Makris v Makris (2020 NY Slip Op 00139)





Matter of Makris v Makris


2020 NY Slip Op 00139


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-01483
 (Docket Nos. F-8762-17/17A, F-8762-17/17B)

[*1]In the Matter of Elaina Makris, respondent,
v
Brett Makris, appellant.


Law Office of Frank J. Salvi PLLC, White Plains, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, Brett Makris appeals from an order of the Family Court, Westchester County (Arlene Gordon-Oliver, J.), dated January 4, 2019. The order denied Brett Makris's objections to so much of an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated May 10, 2018, as, after a hearing, granted Elaina Makris's petition to enforce the maintenance provision of the parties' judgment of divorce to the extent of directing Brett Makris to pay Elaina Makris maintenance arrears in the sum of $53,312.
ORDERED that the order dated January 4, 2019, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, Brett Makris's objections to so much of the order dated May 10, 2018, as granted Elaina Makris's petition to enforce the maintenance provision of the parties' judgment of divorce to the extent of directing Brett Makris to pay Elaina Makris maintenance arrears in the sum of $53,312 are granted, those portions of the order dated May 10, 2018, are vacated, and Elaina Makris's petition to enforce the maintenance provision of the parties' judgment of divorce is denied in its entirety.
The parties, Brett Makris (hereinafter the appellant) and Elaina Makris (hereinafter the respondent), were married in 1986 and have two children. The parties subsequently divorced pursuant to a judgment of divorce dated September 10, 1998. The judgment of divorce, inter alia, directed the appellant to pay the respondent child support in the sum of $544 per month and maintenance in the sum of $272 per month, as set forth in a prior order of support dated November 20, 1997. In August 2017, the respondent commenced this proceeding in the Family Court to enforce the judgment of divorce as it pertained to the appellant's maintenance obligation. In October 2017, the appellant filed a petition seeking to terminate his maintenance obligation, alleging that in June 2001, the parties orally agreed to terminate his maintenance obligation, that he subsequently stopped paying maintenance to the respondent in reliance upon that agreement, and that the respondent ratified the parties' oral agreement by failing to demand maintenance payments for more than 16 years.
After a hearing, the Support Magistrate found the respondent's testimony incredible and terminated the appellant's maintenance obligation retroactive to October 24, 2017, the date the appellant's petition was filed. The Support Magistrate determined, however, that she was "without authority to vacate arrears accrued prior to the date of filing." In an order dated May 10, 2018, the Support Magistrate, inter alia, granted the respondent's petition to the extent of directing the appellant to pay the respondent maintenance arrears in the sum of $53,312. The appellant filed [*2]objections to the Support Magistrate's order, and the Family Court denied the objections.
Although a court has no discretion to reduce or cancel arrears of child support that accrue before an application for a downward modification of the child support obligation (see Gorman v Gorman, 165 AD3d 1067, 1072; Matter of Gardner v Maddine, 112 AD3d 926, 927), pursuant to Domestic Relations Law § 236(B)(9)(b), a prior judgment or order as to maintenance may be modified or annulled after the accrual of such arrears where "the defaulting party shows good cause for failure to make an application for relief from the judgment or order directing payment prior to the accrual of such arrears" (LiGreci v LiGreci, 87 AD3d 722, 726). Under the circumstances of this case, we find that the appellant made an adequate showing of good cause for failing to move for relief from the judgment of divorce until after the respondent commenced this proceeding to enforce the appellant's maintenance obligation under the judgment (cf. Fosina v Fosina, 128 AD3d 891, 893).
The appellant demonstrated that in June 2001, the respondent waived her right to receive maintenance payments (see Parmigiani v Parmigiani, 250 AD2d 744, 745; Albert v Albert, 144 AD2d 1016, 1017). "A valid waiver requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable'" (Golfo v Kycia Assoc., Inc., 45 AD3d 531, 532, quoting Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184). "It may arise by either an express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (Matter of Hinck v Hinck, 113 AD3d 681, 682). Here, the evidence adduced at the hearing demonstrated that after the appellant stopped paying maintenance beginning in June 2001 pursuant to the parties' alleged oral agreement, the respondent did not make any written demands or otherwise move to enforce the maintenance provision of the parties' judgment of divorce for a period of more than 16 years. Although a waiver "is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (Peck v Peck, 232 AD2d 540, 540; see Kelly v Kelly, 165 AD3d 771, 771), the respondent's conduct evinced an intent by her to abandon her right to maintenance payments and supported the appellant's claim that she had orally agreed to terminate his maintenance obligation in June 2001 (see Laurence v Rosen, 228 AD2d 373, 375; Shickler v Shickler, 97 AD2d 461, 461). Given that the respondent admittedly filed a petition in the Family Court in March 1998 to enforce the child support provision of the judgment of divorce, she does not "advance herself as one prone to sleeping on her rights" (Morris v Morris, 74 AD2d 490, 494).
Accordingly, the Family Court should have granted the appellant's objections to the Support Magistrate's order.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court