Matter of Westchester County Dept. of Social Servs. v Clarke (2020 NY Slip Op 06277)





Matter of Westchester County Dept. of Social Servs. v Clarke


2020 NY Slip Op 06277


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-02995
 (Docket No. F-8706-15)

[*1]In the Matter of Westchester County Department of Social Services, et al., respondents, 
v
Gordon R. Clarke, appellant. Andrew W. Szczesniak, White Plains, NY, for appellant.


John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent Westchester County Department of Social Services.
Joan Iacono, Bronxville, NY, for respondent Cristin C. Valdez.
Maurice D. Williams, Bronx, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, Gordon R. Clarke appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated March 1, 2019. The order, insofar as appealed from, terminated his child support obligation effective April 4, 2018.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
This proceeding concerns support payments for a child born in July 2013, for whom Gordon R. Clarke signed an acknowledgment of paternity. By order of support on consent entered October 9, 2015, Clarke was directed to pay $75 per month commencing on November 15, 2015, and $3,017.14 in support arrears.
By petition dated April 4, 2018, Clarke commenced a separate proceeding pursuant to Family Court Act § 516-a to vacate the acknowledgment of paternity. After genetic marker testing established that Clarke was not the child's biological father, the Family Court granted the petition. In this proceeding, the court issued an order terminating Clarke's support obligation effective April 4, 2018. Clarke appeals from that order, challenging the effective date of the termination of his support obligation.
We agree with the Family Court's determination to terminate Clarke's support obligation effective as of the date of his petition to vacate the acknowledgment of paternity. The court was prohibited from vacating arrears that accrued prior to the date of Clarke's petition seeking vacatur of the acknowledgment of paternity (see Family Ct Act § 451[1]; Matter of Adinolfi v Callanan, 166 AD3d 966, 966). Child support arrears must be awarded in full regardless of whether the defaulter has good cause for failing to seek modification prior to their accumulation, or requiring the party to pay the arrears will result in grievous injustice (see Matter of Dox v Tynon, 90 NY2d [*2]166, 173-174; Matter of Fisher v Nathan, 83 AD3d 938, 939). Thus, the court may not reduce or vacate arrears which accrued prior to the date of Clarke's petition, even if it was inappropriate to impose any child support obligation on him in the first place (see Matter of Moore v Abban, 72 AD3d 970, 972), and even though it has been established that he is not the child's biological father (see Matter of Onondaga County Dept. of Social Servs. v Marcus N.D., 170 AD3d 1561).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court