Matter of Martucci v Nerone (2021 NY Slip Op 01977)





Matter of Martucci v Nerone


2021 NY Slip Op 01977


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-05218
2020-05219
2020-05220
 (Docket No. F-4838-15/19I)

[*1]In the Matter of Maria Martucci, respondent,
v
Biagio Nerone, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Orrick, Herrington & Sutcliffe, LLP, New York, NY (Rene Kathawala of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Richmond County (Gregory Gliedman, J.), dated March 16, 2020, (2) an order of the same court, also dated March 16, 2020, and (3) an order of the same court dated June 5, 2020. The order of disposition, after a hearing, adjudicated the father in willful contempt of an order of the same court dated January 23, 2018, directing the payment of child support to the mother, and directing that the father be committed to jail for a period of two months unless he purged himself of contempt by the payment of the sum of $12,000 on or before June 26, 2020. The order dated March 16, 2020, directed that judgment be entered in favor of the mother and against the father in the sum of $39,950. The order dated June 5, 2020, directed that judgment be entered in favor of Rene Kathawala, the attorney for the mother, and against the father in the sum of $9,600.
ORDERED that the order of disposition is modified, on the law and in the exercise of discretion, (1) by adding to the end of the first paragraph on page two thereof the words: "and that Biagio Nerone's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of Maria Martucci," and (2) by deleting the provision thereof permitting the father to purge himself of his contempt by paying the mother the sum of $12,000, and substituting therefor a provision permitting the father to purge himself of his contempt by paying the mother the sum of $500; as so modified, the order of disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated March 16, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated June 5, 2020, is modified, on the law and in the exercise of discretion, by deleting the provision thereof directing that judgment be entered in favor of Rene Kathawala and against the father in the sum of $9,600, and substituting therefor a provision directing that judgment be entered in favor of Rene Kathawala and against the father in the sum of $6,400; as so modified, the order dated June 5, 2020, is affirmed, without costs or disbursements.
By summons and petition dated October 22, 2019, Maria Martucci (hereinafter the mother) commenced this proceeding pursuant to Family Court Act article 4, alleging that Biagio Nerone (hereinafter the father) had willfully violated a child support order dated January 23, 2018 (hereinafter the support order). Following a hearing, in an order of disposition dated March 16, 2020, the Family Court adjudicated the father in willful contempt of the support order and ordered that he be remanded to jail for a period of two months unless he purged himself of the contempt by the payment of the sum of $12,000 on or before June 26, 2020. In an order dated March 16, 2020, the court directed that judgment be entered in the mother's favor and against the father in the sum of $39,950. The mother subsequently moved for an award of attorney's fees in the sum of $11,700. In an order dated June 5, 2020, the court awarded the mother attorney's fees in the sum of $9,600. The father appeals from the order of disposition and the orders dated March 16, 2020, and June 5, 2020, respectively.
"In a proceeding to hold a parent in willful violation of an order of child support, [p]roof of failure to pay child support constitutes prima facie evidence of a willful violation" (Matter of Lynch v Lynch, 162 AD3d 1034, 1034 [internal quotation marks omitted]). "Once a prima facie showing of willfulness has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to comply with the order" (id. at 1034).
Here, the Family Court correctly found that the father had willfully violated the support order. The mother's testimony that she had not received any child support payments from the father since the last violation petition was resolved in July 2018, "constitute[d] prima facie evidence of a willful violation" (id. [internal quotation marks omitted]). In response to that showing, the father failed "to offer some competent, credible evidence of his . . . inability to comply with the order" (id.). In particular, the father's testimony established that he prioritized payments to others above making even a partial child support payment (see Matter of Jaffe v Jaffe, 248 AD2d 471, 472). Moreover, the father's evidence regarding his attempt to obtain work to meet his child support obligation was vague and at most established only a de minimis job search (see Matter of Fusco v Fusco, 134 AD3d 1112, 1113).
"Where . . . a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (Matter of Nickel v Nickel, 172 AD3d 1210, 1212 [internal quotation marks omitted]). Here, the Family Court improvidently exercised its discretion in setting the father's purge amount as the sum of $12,000, as the record did not establish that the father had the ability to pay that amount (see Matter of Probert v Probert, 67 AD3d 806, 808). Accordingly, we modify the order of disposition by reducing the purge amount to the sum of $500.
"In any proceeding for failure to obey any lawful order compelling payment of support of a spouse or former spouse and children, or of children only, the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner or person on behalf of the children" (Family Ct Act § 438[b]). "Factors to be considered in computing an appropriate award of an attorney's fee include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fee under all of the circumstances" (Matter of Musarra v Musarra, 28 AD3d 668, 669).
Here, the Family Court correctly awarded the mother an attorney's fee, as the father's violation of the support order was willful (see Family Ct Act § 438[b]). However, under the circumstances of this case, the extent of the fee awarded was excessive (see Matter of Musarra v Musarra, 28 AD3d at 669). Accordingly, we reduce the attorney's fee awarded to the mother to the sum of $6,400.
Finally, the father correctly contends that the order adjudging him "to be in contempt of court [was] required to recite that the contemptuous conduct was calculated to, or actually did, defeat, impair, impede or prejudice the [mother's] rights or remedies" (Matter of Martinez v Martinez, 44 AD3d 945, 947 [internal quotation marks omitted]). However, because the finding of contempt was supported by the record, the omission of this recital "was a mere irregularity which [*2]may be corrected on appeal" (Lopez v Ajose, 33 AD3d 976, 977). Accordingly, we modify the order of disposition to include the requisite recital.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court