Matter of Packman v Cywiak (2021 NY Slip Op 06175)





Matter of Packman v Cywiak


2021 NY Slip Op 06175


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-06293
 (Docket No. F-3205-15/19F)

[*1]In the Matter of Michal Packman, respondent,
v
Michael Maier Cywiak, appellant.


Michael Maier Cywiak, Monsey, NY, appellant pro se.
Miller Zeiderman, LLP, White Plains, NY (Lisa Zeiderman and Matthew B. Marcus of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated July 13, 2020. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated April 24, 2020, which, in effect, granted the mother's motion for an award of attorney's fees to the extent of awarding the mother attorney's fees in the sum of $8,000.
ORDERED that the order dated July 13, 2020, is affirmed, without costs or disbursements.
In 2019, Michal Packman (hereinafter the mother) commenced this proceeding pursuant to Family Court Act article 4, alleging that Michael Maier Cywiak (hereinafter the father) had willfully violated a child support order dated September 16, 2016 (hereinafter the support order). A Support Magistrate found that the father had willfully violated the support order, and the Family Court confirmed this finding. The mother subsequently moved for an award of attorney's fees in the sum of $14,737.50. In an order dated April 24, 2020, the Support Magistrate, in effect, granted the mother's motion to the extent of awarding the mother attorney's fees in the sum of $8,000, which the father was to pay in monthly installments of $1,000. The father filed objections to the Support Magistrate's order, and in an order dated July 13, 2020, the court denied the father's objections. The father appeals from the July 13, 2020 order.
"In any proceeding for failure to obey any lawful order compelling payment of support of a spouse or former spouse and children, or of children only, the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner or person on behalf of the children" (Family Ct Act § 438[b]; see Matter of Brady v White, 168 AD3d 723, 724). "Factors to be considered in computing an appropriate award of an attorney's fee include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fee under all of the circumstances" (Matter of Martucci v Nerone, 192 AD3d 1107, 1109 [internal quotation marks omitted]).
Here, the Support Magistrate correctly granted the mother's motion for an award of an attorney's fee, as the father's violation of the support order was willful (see Family Ct Act § [*2]438[b]). Furthermore, contrary to the father's contention, in light of the evidence before the Support Magistrate of the father's assets, the record does not establish that he lacked an ability to pay the $8,000 attorney's fee award (see Matter of Martucci v Nerone, 192 AD3d at 1109). Accordingly, the Support Magistrate properly awarded the mother $8,000 in attorney's fees, and the Family Court correctly denied the father's objections to that order.
The father's remaining contentions are either not properly before this Court or without merit.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court