Matter of Martucci v Nerone (2024 NY Slip Op 00073)

Matter of Martucci v Nerone

2024 NY Slip Op 00073

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05459
 (Docket No. F-4838-15/22)

[*1]In the Matter of Maria Martucci, respondent-appellant,
v
Biagio Nerone, appellant-respondent. Francine Scotto, Staten Island, NY, for appellant-respondent.

Orrick, Harrington & Sutcliffe LLP, New York, NY (Rene Kathawala of counsel), for respondent-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals, and the mother cross-appeals, from an order of commitment of the Family Court, Richmond County (Alison Hamanjian, J.), dated June 14, 2022. The order of commitment, insofar as appealed from, confirmed so much of an order of disposition of the same court (Marjorie R. Steinberg, S.M.) dated May 18, 2022, made after a hearing, as found that the father willfully violated a prior order of child support. The order of commitment, insofar as cross-appealed from, upon the order of disposition dated May 18, 2022, allowed the father to purge his contempt by paying the sum of $1,500.
ORDERED that the order of commitment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The mother and the father are the divorced parents of a child born on November 12, 1999. In this proceeding pursuant to Family Court Act article 4, the mother alleged that the father was in willful violation of a prior order of child support. Following a hearing, a Support Magistrate issued an order of disposition dated May 18, 2022, finding that the father's failure to comply with the prior order of child support was willful. Thereafter, in an order of commitment dated June 14, 2022, the Family Court confirmed the Support Magistrate's finding of willfulness against the father and directed that he be committed to the custody of the Richmond County jail for a period of incarceration of four months, unless he paid the purge amount of $1,500. The mother appeals and the father cross-appeals.
The evidence of the father's failure to pay child support as ordered, from March 16, 2020, to November 12, 2020, constituted prima facie evidence of a willful violation, and the father did not meet his burden of offering competent, credible evidence of his inability to comply with the required payments (see Matter of O'Keefe v O'Keefe, 215 AD3d 848, 849-850). Accordingly, the Family Court properly confirmed the Support Magistrate's finding that the father was in willful violation of the prior order of child support.
Contrary to the mother's contention, under the circumstances of this case, the sum of $1,500 that the father was required to pay in order to purge his contempt was appropriate (see id. at 850; Matter of Martucci v Nerone, 192 AD3d 1107, 1108).
The father's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court