Matter of Marcus v Marcus (2024 NY Slip Op 02197)

Matter of Marcus v Marcus

2024 NY Slip Op 02197

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-00887
 (Docket No. F-21498-19/19A)

[*1]In the Matter of Beverly Marcus, respondent,
v
Sasson Marcus, appellant.

Ressler & Associates, White Plains, NY (Jessica H. Ressler and Meredith Kenyon of counsel), for appellant.
Adrienne Abraham, New Rochelle, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated January 19, 2023. The order, insofar as appealed from, denied the father's objections to (1) so much of an amended order of the same court (Carol Ann Jordan, S.M.) dated November 4, 2022, as granted the mother's motion pursuant to Family Court Act § 438 for an award of counsel fees to the extent of awarding her counsel fees in the sum of $91,961.39, and (2) an amended order of the same court (Carol Ann Jordan, S.M.) , also dated November 4, 2022, which directed the entry of a money judgment in favor of the mother and against the father in the sum of $91,961.39 for counsel fees.
ORDERED that the order dated January 19, 2023, is affirmed insofar as appealed from, with costs.
In November 2019, the mother commenced this proceeding against the father pursuant to Family Court Act article 4, inter alia, for child support for the parties' three children. Pursuant to a so-ordered stipulation of settlement dated July 28, 2021, and a so-ordered amendment thereto dated October 14, 2021, the parties, among other things, agreed to impute $200,000 in income to the father for child support purposes and to permit the mother to submit an application for an award of counsel fees. In October 2021, the mother moved pursuant to Family Court Act § 438 for an award of counsel fees in the sum of $96,373. In an amended order dated November 4, 2022, the Support Magistrate, inter alia, granted the mother's motion to the extent of awarding her counsel fees in the sum of $91,961.39. In a separate amended order dated November 4, 2022, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the sum of $91,961.39. The father filed objections to the amended orders. In an order dated January 19, 2023, the Family Court, among other things, denied the father's objections. The father appeals.
"A court may allow counsel fees at any stage of a proceeding under Family Court Act article 4" (Matter of Sanchez v Reyes, 174 AD3d 907, 908; see Family Ct Act § 438; Matter of Bonanno v Bonanno, 222 AD3d 863, 865). "The factors to be considered in computing an appropriate award include the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (Matter of Westergaard v [*2]Westergaard, 106 AD3d 926, 926-927; see Matter of Glass v Glass, 223 AD3d 801, 802; Matter of Abizadeh v Abizadeh, 190 AD3d 850, 851). "An award of counsel fees in a proceeding under the Family Court Act is entrusted to the sound discretion of the Family Court" (Matter of Zaydenverg v Zaydenverg, 151 AD3d 871, 872; see Matter of Glass v Glass, 223 AD3d at 802). "Ultimately, the award should be based upon the totality of the circumstances, including the equities and circumstances of each particular case" (Matter of Sanchez v Reyes, 174 AD3d at 908).
Here, under the totality of the circumstances, the award of counsel fees to the mother was appropriate (see Matter of Glass v Glass, 223 AD3d at 802; Matter of Packman v Cywiak, 199 AD3d 811, 812). Accordingly, the Family Court properly denied the father's objections to the amended orders dated November 4, 2022.
The father's remaining contention, improperly raised for the first time on appeal in his reply brief, is not properly before this Court.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court