Matter of Franco v Paez (2024 NY Slip Op 03044)

Matter of Franco v Paez

2024 NY Slip Op 03044

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-08753
 (Docket No. F-13290-18/21B)

[*1]In the Matter of Karen Franco, respondent,
v
Marqui Paez, appellant.

Rhonda R. Weir, Brooklyn, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated October 11, 2022. The order confirmed so much of an order of disposition of the same court (Serena Rosario, S.M.) dated August 11, 2022, made after a hearing, as found that the father willfully violated a prior order of child support.
ORDERED that the order dated October 11, 2022, is affirmed, without costs or disbursements.
The mother and the father are the parents of two children, born in 2010 and 2012. The mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father failed to comply with a prior order of child support. Following a hearing, the Support Magistrate issued an order of disposition dated August 11, 2022, inter alia, finding that the father's failure to comply with the order of child support was willful. Thereafter, in an order dated October 11, 2022, the Family Court confirmed the Support Magistrate's finding of willfulness. The father appeals.
Evidence of a failure to pay support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). "Thus, evidence that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Nocerino v Nocerino, 192 AD3d 1113, 1114 [internal quotation marks omitted]; see Matter of Powers v Powers, 86 NY2d at 69-70).
Here, the evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation of the order of child support (see Matter of Martucci v Nerone, 223 AD3d 668, 669). The father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments, as he did not present competent, credible evidence that he made a reasonable and diligent effort to secure gainful employment to meet his child support obligations (see Matter of Gomezpacheco v Dedios-Santiago, 220 AD3d 692, 693; Matter of Stradford v Blake, 141 AD3d 725, 726). While the father testified that he was able to [*2]sporadically obtain temporary employment, he also testified that there were several months since 2018 when he was not employed and he did not offer any testimony or documentation about his attempts to find work during that time (see Matter of Pace v Douglas, 141 AD3d 530, 531). Although there were issues regarding the father's immigration status, he failed to show that they rendered him financially unable to meet his obligations since he had admittedly previously obtained, and continued to obtain, employment in the United States (see Matter of Sacharczuk v Holder, 19 AD3d 502, 503).
The father's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Family Court properly confirmed the Support Magistrate's finding that the father willfully violated the order of child support.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court