Matter of Amin v Hussain (2026 NY Slip Op 00891)

Matter of Amin v Hussain

2026 NY Slip Op 00891

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-06950
 (Docket No. F-6910-22/23B)

[*1]In the Matter of Umara Amin, respondent,
vAsad Hussain, appellant.

Jan Murphy, Huntington, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Robin M. Kent, J.), dated July 18, 2024. The order of commitment, after a hearing, in effect, confirmed so much of an order of the same court (Lisa M. Williams, S.M.) dated June 7, 2024, made after a hearing, as found that the father willfully violated an order of child support dated November 9, 2022, and committed him to the custody of the Nassau County Correctional Facility for a period of 90 days unless the father paid the purge amount of $9,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Nestor v Nestor, 236 AD3d 794, 794; Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
In this proceeding pursuant to Family Court Act article 4, the mother alleged that the father was in willful violation of an order of child support dated November 9, 2022 (hereinafter the child support order), pursuant to which the Family Court directed the father to pay child support in the sum of $1,000 per month. In May 2024, a hearing was held on the mother's petition and each party testified on their own behalf.
Following the hearing, the Support Magistrate issued an order dated June 7, 2024 (hereinafter the violation order), finding that the father willfully violated the child support order, determining that the father owed support arrears in the sum of $13,432.66, directing that the mother be awarded a money judgment in that amount, and referring the matter to a Family Court Judge for a confirmation hearing.
After a hearing, in an order of commitment dated July 18, 2024, the Family Court, in effect, confirmed so much of the violation order as found that the father willfully violated the child support order and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $9,000. The father appeals.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days must be dismissed as academic, in light of the enduring consequences that could flow from the finding that the father willfully violated the child support order, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic (see Matter of Nestor v Nestor, 236 AD3d 794, 795; Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824).
The Family Court did not err by, in effect, confirming the Support Magistrate's finding that the father willfully violated the child support order. At a hearing to determine whether a respondent has willfully failed to obey a lawful order of support, the burden is on the petitioner to establish that the respondent willfully violated the terms of the support order by failing to pay the required support (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Martinez v Lauretano, 240 AD3d 597, 598). "Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation" (Matter of Martinez v Lauretano, 240 AD3d at 598; Matter of Nestor v Nestor, 236 AD3d at 795).
Here, in response to the mother's prima facie showing of the father's willful violation of the child support order, the father failed to present credible and competent evidence of his financial inability to comply with that order, as the Family Court properly determined (see Matter of Pifferrer v Barrera, 236 AD3d 1044, 1045; Matter of Franco v Paez, 228 AD3d 656, 657; Matter of Martucci v Nerone, 192 AD3d 1107, 1109).
GENOVESI, J.P., CHRISTOPHER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court