Lederman v Lederman
2026 NY Slip Op 03436
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Raizel Lederman, respondent,
v
Shimon Lederman, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-02585, (Index No. 51118/19)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Phillip Hom
Susan Quirk, JJ.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.

[*1]
DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated January 20, 2023. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was to hold the defendant in contempt for his failure to comply with an order of the same court dated January 6, 2021, (2) directed the entry of a money judgment in favor of the plaintiff's counsel and against the defendant in the amount of $5,000, plus statutory interest, for attorneys' fees that were awarded in the order dated January 6, 2021, (3) granted that branch of the plaintiff's motion which was for an award in the sum of $5,000 for attorneys' fees incurred in the making of the plaintiff's motion, inter alia, to hold the defendant in contempt for his failure to comply with the order dated January 6, 2021, (4) granted the defendant's cross-motion for a downward modification of his pendente lite child support obligation only to the extent of reducing his pendente lite child support obligation to the amount of $500 per month, (5) directed the entry of a money judgment in favor of the plaintiff and against the defendant in the principal sum of $204,126 for pendente lite child support arrears for the period from November 27, 2019, through February 4, 2022, and (6) directed the defendant to pay pendente lite child support arrears in the amount of $6,000 for the period from February 4, 2022, to January 15, 2023.
ORDERED that the order dated January 20, 2023, is affirmed insofar as appealed from, without costs or disbursements.
In 2019, the plaintiff commenced this action for a divorce and ancillary relief. The parties were married in 1990, and at the time that the action was commenced, they had five unemancipated children. In November 2019, the plaintiff moved for pendente lite child support in the amount of $7,851 per month and for an award of attorneys' fees incurred in making that motion. In an order dated January 6, 2021, the Supreme Court granted the plaintiff's motion (hereinafter the January 2021 order).
In May 2021, the plaintiff moved, inter alia, (1) to hold the defendant in contempt for his failure to comply with the January 2021 order, (2) for a judgment in the amount of the pendente lite child support arrears that accrued before and after the January 2021 order, (3) for a judgment in the amount of $5,000 for the attorneys' fees awarded in the January 2021 order, and (4) for an award in the sum of $5,000 for attorneys' fees incurred in the making of this motion. The defendant did not oppose the motion. In an order dated May 27, 2021 (hereinafter the May 2021 order), the [*2]Supreme Court granted those branches of the plaintiff's motion, finding, among other things, that the defendant "wilfully default[ed]" in his pendente lite child support payments pursuant to the January 2021 order.
In January 2022, the defendant moved to stay enforcement of the May 2021 order, to vacate the May 2021 order, to restore the plaintiff's motion, inter alia, to hold the defendant in contempt for his failure to comply with the January 2021 order to the calendar, and for time to file opposition to the plaintiff's motion, on the ground that the May 2021 order was granted "essentially on default" because the defendant's prior counsel had not submitted opposition papers. In an order dated January 12, 2022, the Supreme Court granted the defendant's motion.
In February 2022, the defendant filed opposition to the plaintiff's motion and cross-moved for a downward modification of his pendente lite child support obligation. The plaintiff opposed the defendant's cross-motion.
In an order dated January 20, 2023, the Supreme Court, inter alia, (1) granted that branch of the plaintiff's motion which was to hold the defendant in contempt, as the defendant had "wilfully default[ed]" in his pendente lite child support obligation as set out in January 2021 order, (2) directed the entry of a money judgment in favor of the plaintiff's counsel and against the defendant in the amount of $5,000, plus statutory interest, for the attorneys' fees that were awarded in the January 2021 order, (3) granted that branch of the plaintiff's motion which was for an award in the sum of $5,000 for attorneys' fees incurred in the making of the plaintiff's motion, inter alia, to hold the defendant in contempt, (4) granted the defendant's cross-motion for a downward modification of his pendente lite child support obligation to the extent of reducing that obligation to the amount to $500 per month, (5) directed the entry of a money judgment in favor of the plaintiff and against the defendant in the principal sum of $204,126 for pendente lite child support arrears for the period from November 27, 2019, through February 4, 2022, and (6) directed the defendant to pay pendente lite child support arrears in the amount of $6,000 for the period from February 4, 2022, to January 15, 2023. The defendant appeals.
The defendant's contentions regarding the pendente lite child support arrears and attorneys' fees awarded in the January 2021 order are not properly before this Court because the defendant did not appeal the January 2021 order, nor did he move to vacate it.
"A party to a matrimonial action may make an application for a judgment directing the payment of arrears at any time prior to or subsequent to the entry of a judgment of divorce" (Poirier v Demasi, 201 AD3d 977, 979 [internal quotation marks omitted]; see Uttamchandani v Uttamchandani, 175 AD3d 1460, 1461). "[A] court has no discretion to reduce or cancel arrears of child support that accrue before an application for a downward modification of the child support obligation" (Matter of Makris v Makris, 179 AD3d 694, 695; see Matter of Adinolfi v Callanan, 166 AD3d 966, 966). Thus, "child support arrears must be awarded in full, regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation" (Matter of Adinolfi v Callanan, 166 AD3d at 966 [brackets and internal quotation marks omitted]; see Domestic Relations Law § 244; Matter of Westchester County Dept. of Social Servs. v Clarke, 188 AD3d 709, 710). "Where the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue" (Matter of Briggs v McKinney-Mays, 112 AD3d 622, 623 [internal quotation marks omitted]; see Domestic Relations Law § 240[1-b][g]; LiGreci v LiGreci, 87 AD3d 722, 725).
Here, since the defendant failed to show that his income was less than or equal to the federal poverty income guidelines amount for a single person, the Supreme Court had no discretion to reduce or cancel the arrears that had accrued before the defendant's cross-motion for a downward modification of his pendente lite child support obligation (see Matter of Makris v Makris, 179 AD3d at 695; Matter of Adinolfi v Callanan, 166 AD3d at 966).
Under the circumstances of this case, upon granting the defendant's cross-motion for [*3]a downward modification of his pendente lite child support obligation, the Supreme Court properly set the monthly payments at $500. "The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Monaco v Monaco, 214 AD3d 659, 661 [internal quotation marks omitted]; see Varnit v Varnit, 233 AD3d 917, 921). "[W]here the annual amount of the basic child support obligation would reduce the non-custodial parent's income below the poverty income guidelines . . . , the basic child support obligation shall be twenty-five dollars per month," unless the court finds that such basic child support obligation is "unjust or inappropriate, which finding shall be based upon considerations of the factors set forth in" Domestic Relations Law § 240(1-b)(f) (id. § 240[1-b][d]). Factors to consider include, inter alia, the financial resources of the custodial and noncustodial parent, the standard of living the child had enjoyed prior to the dissolution of the marriage, and the nonmonetary contributions towards the children's well being (see id. § 240[1-b][f]). Where the court finds that the noncustodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, it must set forth the factors it considered in making such a finding (see id. § 240[1-b][g]).
Here, the Supreme Court properly determined, considering the parties' financial circumstances, the needs of the children, and the children's standard of living had the marriage not dissolved, that pendente lite child support payments of $25 per month would have been unjust and inappropriate and that a monthly payment of $500 was appropriate. Accordingly, the court properly directed the defendant to pay the plaintiff the amount of $6,000 for pendente lite child support arrears accrued from February 4, 2022 to January 15, 2023.
Contrary to the defendant's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was to hold the defendant in contempt for his failure to comply with the January 2021 order. "A finding of contempt requires clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (Matter of Behar v Friedman, 180 AD3d 671, 677; see Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). The plaintiff met that burden, whereupon the burden shifted to the defendant to demonstrate "'evidence of his inability to make the required payments'" (Keller v Keller, 126 AD3d 940, 942, quoting Kawar v Kawar, 231 AD2d 681, 682).
A hearing "need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Thimm v Thimm, 137 AD3d 775, 776 [internal quotation marks omitted]) or where a factual dispute exists as to the existence of a defense (see Toranzo v Toranzo, 185 AD3d 621, 623). Upon a finding of willful failure to obey an order compelling payment of support or maintenance, the Supreme Court must order the respondent to pay counsel fees to the attorney representing the petitioner (see Domestic Relations Law § 237[c]). "[P]roof of failure to pay child support constitutes prima facie evidence of a willful violation" (Matter of Martucci v Nerone, 192 AD3d 1107, 1108 [internal quotation marks omitted]).
The defendant submitted no evidence regarding his financial circumstances during 2019 or 2020 and, therefore, failed to meet his burden to proffer "'evidence of his inability to make the required payments'" (Keller v Keller, 126 AD3d at 942, quoting Kawar v Kawar, 231 AD2d at 682). Notably, the defendant has consistently prioritized payments to others above making even partial child support payments (see Matter of Martucci v Nerone, 192 AD3d at 1109; Matter of Lynch v Lynch, 162 AD3d 1034, 1034).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to hold the defendant in contempt for his failure to comply with the January 2021 order and for an award in the sum of $5,000 for attorneys' fees incurred in the making of that motion.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court